**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **REIDENBACH & ASSOCIATES, LLC**, | **CIVIL ACTION** |
| Plaintiff, | |
| *v.* | **NO. 20-1822-KSM** |
| **EILEEN BROWN**, | |
| Defendant, | |
| *v.* | |
| **SCOTT REIDENBACH**, et al., | |
| Third Party Defendants. | |

**MEMORANDUM**

MARSTON, J.                                             May 1, 2020

The Court has before it the motion of the plaintiff law firm, Reidenbach & Associates,

LLC, for a preliminary injunction to compel its former client, defendant Eileen Brown, to place

in escrow the proceeds from the sale of her condominium in Merion Station, Pennsylvania. The

law firm argues that without the injunction, it will be unable to recover on any judgment

ultimately entered in this case.  For the reasons that follow, the Court will deny the motion.

I.

Brown owns a condo at the Latch's Lane Condominium complex, 40 Old Lancaster Rd.

in Merion Station, Pennsylvania.  (Doc. No. 4 at p. 9.)   In May 2014, Brown entered an

agreement of sale for the condo, but the buyers terminated the agreement after the president of

the Latch's Lane Owner's Association told them that the condo's sunroom was damaging the

building's exterior.  (*Id.* at p. 10.)  Eric Brown — Eileen Brown's son and agent under power of

attorney — hired the law firm and Third-Party Defendant Scott Reidenbach to represent Brown "with regard to the recent failed sale of her condominium unit." (Doc. No. 1-1 at pp. 13, 18.) The firm represented Brown in three lawsuits against the Association. (Doc. No. 4 at pp. 10–13.)

Throughout that representation, the firm sent Brown monthly invoices, which at some point, Brown stopped paying. (Doc. No. 1-1 at p. 6, 26–28.)  The firm claims that Brown's unpaid legal fees total a little more than $207,000, and that with interest, Brown owes it $291,911.05. (*Id.* at p. 6.)  To recover those unpaid legal fees, the firm brought this suit for breach of contract and unjust enrichment in the Court of Common Pleas for Montgomery County. (Doc. No. 1-1 at pp. 2–36.)  Brown timely removed the case to this Court based on diversity of citizenship and the requisite amount in controversy. *See* 28 U.S.C. § 1332(a) & (c). Brown answered the complaint and brought a counterclaim against the law firm and a third-party complaint against Reidenbach for legal malpractice and breach of contract. (Doc. No. 4.)

The day before Brown removed the case, the law firm filed an Emergency Petition for Preliminary Injunctive Relief and Request for Injunction Pursuant to Pennsylvania Rule of Civil Procedure 1531. (Doc. No. 1-1 at pp. 37–74.)  In the petition the firm states that it "believe[s]" that Brown has privately listed her Pennsylvania condo for sale and that if the condo is sold, it will render Brown "judgment proof" and force the law firm to "chase" Brown to Florida to recover on any judgment entered in this lawsuit. (*Id.* at p. 45.)  On that basis, the law firm requests an emergency hearing and a preliminary injunction ordering Brown to escrow funds from the sale of the condo. (*Id.* at p. 50.)  It also requests an evidentiary hearing and permanent injunction directing release of the escrowed funds to the law firm. (*Id.* at p. 48.)  Brown opposes the petition, arguing that this Court lacks the authority to "order such a prejudgment attachment of Defendant's property" under the Supreme Court's opinion in *Grupo Mexicana de Desarrollo,*

*S.A. v. Alliance Bond Fund*, 527 U.S. 308 (1999).  (Doc. No. 10 at p. 10.)

We held an evidentiary hearing on Monday, April 27, 2020.  (*See* Doc. No. 5.)  Neither party presented additional evidence during the hearing.[1]  (*Id.*)

## II.

Under Federal Rule of Civil Procedure 65 the court has the power to "grant preliminary injunctions to enjoin harmful conduct."  *ASI Bus. Sols., Inc. v. Otsuka Am. Pharm., Inc.*, 233 F.Supp.3d 432, 437 (E.D. Pa. 2017); *see also* Fed. R. Civ. P. 65(a).  "Preliminary injunctive relief is an extraordinary remedy and should be granted only in limited circumstances."  *Arrowpoint Capital Corp. v. Arrowpoint Asset Mgmt., LLC*, 793 F.3d 313, 318 (3d Cir. 2015) (quotation marks omitted).

A party seeking a preliminary injunction must present evidence showing:  "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief."  *Id.* at 318–19 (quotation marks omitted).  "However, before the Court can examine these four factors, it first must decide whether it even has the authority to issue a preliminary injunction under the circumstances."  *NVR, Inc. v. Majestic Hills, LLC*, No. 2:18-cv-01335, 2019 WL 4673225 at *2 (W.D. Pa. September 25, 2019).

In *Grupo Mexicano de Desarrollo S.A.*, investment funds sued a Mexican holding company for defaulting on its obligations under notes held by the funds.  527 U.S. at 310–12.  The investment funds requested a preliminary injunction prohibiting the company from transferring its assets until the litigation resolved, and the district court granted the request,

---

[1] The law firm included as attachments to it petition, copies of the engagement letter (Doc. No. 1-1 at pp. 58–61), Brown's power of attorney (*Id.* at pp. 63–69), and some of the unpaid invoices (*Id.* at pp. 71–73).

finding that the company was at risk of insolvency, was distributing its most valuable assets to its Mexican creditors, and therefore, was frustrating any judgment the investment funds could obtain in the lawsuit. *Id.* at 312. The Second Circuit affirmed, and the Supreme Court reversed. *Id.* at 312–13.

The Supreme Court held that in an action for damages, a federal district court has no power to issue a "preliminary injunction preventing the defendant from transferring assets in which no lien or equitable interest is claimed." *Id.* at 310, 333. The Court concluded that Federal Rule of Civil Procedure 65 did not alter the Court's equity jurisdiction, which is the same as "the jurisdiction in equity exercised by the High Court of Chancery in England at the time of the adoption of the Constitution and the enactment of the original Judiciary Act, 1789." *Id.* at 318 (quotation marks omitted). That jurisdiction was limited by the general rule that a "judgment establishing [a] debt was necessary before a court of equity would interfere with the debtor's use of his property." *Id.* at 321. "Because such a remedy was historically unavailable from a court of equity," the Court held that "the District Court had no authority to issue a preliminary injunction preventing petitioners from disposing of their assets pending adjudication of respondents' contract claim for money damages." *Id.* at 333.

District courts in the Third Circuit have consistently relied on *Grupo* to deny preliminary injunctions like the one requested here. *See NVR, Inc*, 2019 WL 4673225 at *2 (collecting cases). A recent opinion from the Eastern District of Pennsylvania relied on *Grupo* to deny a request for preliminary injunction under circumstances nearly identical to those presented here. *See Novatek Corp. v. Mallet*, No. 18-3279, 324 F.Supp.3d 560 (E.D. Pa. Aug. 24, 2018). In *Novatek*, a corporation sued its former treasurer in Pennsylvania State Court for misappropriating company funds in breach of an oral contract between the shareholders. *Id.* at 562. The company

moved for a special, preliminary, and/or permanent injunction in the state court to require the treasurer "to place in escrow the net proceeds for her anticipated sale of her home in Chester County, Pennsylvania, in order to ensure that those proceeds are reachable to pay any judgment entered in favor of [the company]." *Id.*

The court concluded that it could not enter the injunction given the Supreme Court's holding in *Grupo*. *Id.* at 567. Because the company sought "to recover some $600,000 in damages from [the treasurer] for her breach of the oral agreement" the case was "an action at law and not an equitable proceeding." *Id.* at 566. In addition, the court found that "[t]he purchase and ownership of the house is clearly collateral to the merits of the action." *Id.* "It is not a case where there is a lien or where ownership or control of specific property such as a bank account, a piece of real estate, or a work of art is at issue. Nor are we concerned with a matter of public interest." *Id.* Given those facts, the court held that even if the company had proven the elements for a preliminary injunction, the court "has no authority to enter a preliminary injunction to compel [the treasurer] to place in escrow the net proceeds of the sale of her home in Chester County while this court adjudicates the pending action against her for money damages." *Id.* at 567; *see also NVR, Inc.*, 2019 WL 4673225 at *5 ("In short, because this Court does not have the authority to enter a preliminary injunction freezing assets in an action for damages where no lien or equitable interest in the assets is claimed, NVR's motion is denied.").

In this case, like *Grupo* and *Novatek*, the law firm claims Brown breached the contract between them when she failed to pay more than $200,000 in legal fees, and it seeks damages "in the amount of $291,911.05, together with all costs, fees, interest, attorneys' fees and such other relief permitted by law and/or deemed just and reasonable." (Doc. No. 1-1 at pp. 7–9.) Therefore, this is "an action at law and not an equitable proceeding." *Id.* at 566. In addition, the

law firm does not contest that Brown owns the condo, nor does it claim a lien on the property, suggesting that the "purchase and ownership of the house is clearly collateral to the merits of the action." *Id.* (*Id.* at p. 44.) Under these circumstances, the Court does not have the authority to enter a preliminary injunction ordering Brown to place in escrow the proceeds from the sale of the condo.

The law firm argues that *Grupo* should not control this case, that we should apply state law, and that under the law of Pennsylvania, the Court has the authority to issue the preliminary injunction. Because this is a diversity case, we must apply "state substantive law and federal procedural law." *Hanna v. Plumer*, 380 U.S. 460, 465 (1965). The Third Circuit has held that a federal, not state, standard governs the scope of the Court's authority to issue a preliminary injunction. *See Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 799 (3d Cir. 1989) ("We utilize a federal standard in examining requests to federal courts for preliminary injunctions."); *see also NVR, Inc.*, 2019 WL 4673225 at *1 ("[T]here can be no dispute that federal law applies to the preliminary injunction standard to be applied here."). Therefore, federal law — and *Grupo* — is controlling.

But even if we applied Pennsylvania law, the result would be the same. In *Grupo* the Supreme Court declined to address whether federal or state law governed the motion for preliminary injunction, finding that the argument was "neither raised nor considered below." 527 U.S. at 318 n.3. However, this Court did consider the issue in *Novatek* and predicted that the Pennsylvania Supreme Court, if faced with the question, "would follow the traditional equity analysis as outlined in *Grupo*." *Novatek Corp.*, 324 F.Supp.3d at 568. The court noted that Pennsylvania has adopted the "common law and such of the statutes of England as were in force in the Province of Pennsylvania on May 14, 1776." *Id.* (quoting 1 Pa. C.S.A. § 1503(a)). "As

6

explained in *Grupo*, the contours of the equity power in England at that time are the same as those now binding on the federal courts." *Id.* We are persuaded by the reasoning in *Novatek*, and similarly conclude that we need not decide "whether under *Erie* we must apply the equity jurisprudence of the Commonwealth because it is the same as exists for the federal courts in this instance." *Id.*; *see also NVR, Inc.*, 2019 WL 4673225 at *4 ("[T]he Court adopts the reasoning of *Novatek* and finds that even if this Court could apply Pennsylvania equitable principles under *Erie*, it would not alter the holding of *Grupo*.").

III.

Because this Court lacks the authority to issue the preliminary injunction, the law firm's request for a preliminary injunction is **DENIED**.[2] An appropriate order follows.

---

[2] In the alternative, even if we were to find that we have the authority to issue the requested relief, the law firm has not satisfied the preliminary injunction standard because it has not shown that it will suffer immediate irreparable injury. *See Ferring Pharm., Inc. v. Watson Pharm., Inc.*, 765 F.3d 205, 219 (3d Cir. 2014) ("Absent a showing of irreparable harm, a plaintiff is not entitled to injunctive relief, even if the other three elements are found." (quotation marks omitted)); *ASI Bus. Sols. Inc.*, 233 F.Supp.3d at 440 ("[T]he Court finds that ASI has failed to clearly demonstrate irreparable injury, and this alone precludes the issuance of a preliminary injunction."). The law firm has not shown irreparable injury because it has provided no evidence showing that Brown listed the condo for sale, that the condo has been sold, or that Brown would be judgment proof if the proceeds are not placed in equity. *See Karpov v. Karpov*, 555 F. App'x 146, 148 (3d Cir. 2014) (holding that the plaintiff failed to show immediate harm because she provided no evidence showing that the defendants would be "unable to satisfy the judgment from the sale of their home, or via other personal assets"); *Michael v. GLD Foremost Holdings, LLC*, No. 1:15-cv—2230, 2017 WL 11151118 at *2 (M.D. Pa. Apr. 28, 2017) (denying a preliminary injunction because the court was "unable to identify evidence from the record before it that supports a finding that Plaintiff will probably be unable to recover th[e] funds, in the absence of a preliminary injunction" (quotation mark omitted)). In addition, even if the law firm shows that it would be required to "chase" Brown to Florida to recover on a damages award, the Third Circuit has questioned the "proposition that a plaintiff is irreparably harmed by having to obtain a merits judgment in one forum and then to execute on that judgment in a different forum." *Hoxworth v. Blinder, Robinson & Co., Inc.*, 903 F.2d 186, 206–07 (3d Cir. 1990) (expressing reservations about the district court's finding of irreparable injury where an individual transferred assets from New York to Hong Kong).